# EXHIBIT 2

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

REINCUBATE, LTD.,

    *Plaintiff,*

  v.

APPLE INC.,

    *Defendant*.

Civil Action No. 2:26-cv-00828

(CCC-AME)

**JURY TRIAL DEMANDED**

**DECLARATION OF JACOB ANDERSON IN SUPPORT OF
APPLE INC.'S MOTION TO TRANSFER VENUE**

I, Jacob Anderson, hereby declare as follows:

1.  I am over 18 years of age and competent to make this declaration. I provide this declaration in connection with the lawsuit between Reincubate, Ltd. and Apple Inc. in support of Apple Inc.'s Motion to Transfer Venue. Elsewhere in this declaration, I refer to Reincubate, Ltd. as "Reincubate," and I refer to Apple Inc. as "Apple." Unless otherwise indicated, the statements in this declaration are based upon my personal knowledge, my review of corporate records maintained by Apple in the ordinary course of business, and/or my discussions with Apple employees. If called to testify as a witness in this matter, I could and would testify competently and truthfully to each of the statements in this declaration under oath.

2.  I am employed as a Senior Manager on the IP Transactions team at Apple, and have been employed by Apple since November 2019. I live in the San Francisco Bay Area, and my corporate office is in Cupertino, California.

3.  I have reviewed the allegations in Reincubate's complaint in this lawsuit, and I understand that Reincubate filed this action against Apple in the United States District Court for

the District of New Jersey. I further understand from paragraphs 176 through 202 of the complaint, for example, that Reincubate alleges a violation of the Sherman Act. I also understand from paragraphs 203 through 209 of the complaint, for example, that Reincubate alleges that a section of the Developer Program License Agreement is unenforceable. And I understand from paragraphs 7, 40, and 210 through 296 of the complaint, for example, that Reincubate alleges that Apple infringes one or more claims of United States Patent Nos. 11,924,258 and 12,335,323 by, according to Reincubate in paragraph 7 of the complaint, "making, using, offering for sale, and selling devices running iOS, iPadOS, macOS, and tvOS that support the 'Continuity Camera' functionality, as well as software products including 'Final Cut Camera' with Live Multicam functionality in Final Cut Pro for iPad." Elsewhere in this declaration, I refer to the Apple products described in paragraphs 7, 40, and 210 through 296 of the complaint as the "accused products."

4.     I am knowledgeable about Apple's third-party patent transactions and patent licensing matters. Apple's patent transactions and patent licensing matters with third parties, including those covering or relating to the accused products, are handled by the IP Transactions and IP Special Deals & Analytics teams at Apple. Elsewhere in this declaration, I refer to the IP Special Deals & Analytics team as the "SDA team."

5.     The IP Transactions team at Apple is currently comprised of twelve employees, including myself. The corporate office for all employees on the IP Transactions team is in Cupertino, California. The SDA team is currently comprised of eight employees. The corporate office for five of the employees on the SDA team is in Cupertino, California. The corporate office for one employee on the SDA team is in Washington, DC. One employee on the SDA team is remote and based in Pittsburgh, Pennsylvania, and another employee on the SDA team is based in Singapore. No employees on the IP Transactions team or the SDA team are located in New Jersey.

I am not aware of any Apple employees based in New Jersey who are directly responsible for third-party patent transactions or patent licensing matters.

6.      I understand that the electronic records for Apple's confidential third-party patent transaction and patent licensing matters, including those covering or relating to the accused products, can only be accessed by people with proper credentials or access rights and that individuals are given access to confidential electronic records on a need-to-know basis. Some of the electronic records are on our individual computers, and many of them, such as executed agreements and other corporate records maintained by Apple in the ordinary course of business, are stored in shared locations. I am not aware of any Apple employees based in New Jersey with access to electronic records for Apple's confidential third-party patent transaction and patent licensing matters.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 29, 2026.

Jacob Anderson

3