# EXHIBIT 5

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

REINCUBATE, LTD.,

        *Plaintiff,*

    v.

APPLE INC.,

        *Defendant.*

Civil Action No. 2:26-cv-00828

(CCC-AME)

**JURY TRIAL DEMANDED**

**DECLARATION OF DELLA HUFF IN SUPPORT OF
APPLE INC.'S MOTION TO TRANSFER VENUE**

I, Della Huff, hereby declare as follows:

1.    I am over the age of eighteen and competent to make this declaration.  I am employed by Apple Inc. ("Apple") as a Product Manager for Camera and Photos software.  My place of work is Cupertino, California, which I understand is in the Northern District of California.  I have been employed by Apple since 2010.

2.    I provide this declaration in support of Apple's Motion to Transfer Venue in the above-captioned case.  Unless otherwise indicated, the statements in this declaration are based upon my personal knowledge.  If called to testify, I could and would testify competently and truthfully to the matters set forth herein.

3.    I understand that Plaintiff Reincubate, Ltd. filed this action against Apple in the United States District Court for the District of New Jersey, alleging anticompetitive conduct in violation of the Sherman Act, unenforceability of the Developer Program License Agreement (DPLA), and infringement of U.S. Patent Nos. 11,924,258 and 12,335,323 based on certain Apple

products and features, including Continuity Camera and Final Cut Camera with Live Multicam functionality ("Accused Products").

4.    In my role as Product Manager for Camera and Photos software, I am knowledgeable about Apple's marketing practices relating to the accused products and functionalities.  I have been designated as Apple's witness regarding marketing issues in this case.

5.    Based on my personal knowledge and my work at Apple, marketing-related documents, working files, and records relevant to the accused products and functionalities are primarily created, maintained, and accessed by Apple personnel, including myself, working in or near Cupertino, California.

6.    Based on my knowledge, Apple employees with responsibility for marketing matters relevant to this case, including those involved in marketing strategy and execution for the accused products, primarily work in or near Cupertino, California.  I am not aware of any Apple employee located in New Jersey who is responsible for marketing matters relevant to this case.

7.    Apple retail store employees are not in charge of strategies related to the marketing of the Accused Products.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 28, 2026.

/s/
Della Huff

2