# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| REINCUBATE, LTD., <br><br> Plaintiff, <br><br> v. <br><br> APPLE, INC., <br><br> Defendant. | Civil Action No. 2:26-cv-00828 (CCC-AME) <br><br> **JURY TRIAL DEMANDED** |

### PLAINTIFF REINCUBATE, LTD.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECUSAL AND REASSIGNMENT UNDER 28 U.S.C. § 455(a) OR § 455(b)(5)(iii)

## TABLE OF CONTENTS

I.    INTRODUCTION.......................................................................................1

II.   BACKGROUND........................................................................................1

III.  ARGUMENT .............................................................................................3

      A.    Under 28 U.S.C. § 455(a), Recusal Is Required Where, From an Objective Standpoint, a Judge's Impartiality Might Reasonably Be Questioned. ..................................................................................3

      B.    Considered Against the § 455(a) Standard, the Public-Record Overlap Between This Case and MDL 3113 Supports Recusal. ..........3

      C.    Section 455(b)(5)(iii) Provides an Independent Ground for Recusal. ..4

      D.    Addressing the Question Now Serves the Interests of Both Parties and of the Court. ..................................................................................5

IV.  CONCLUSION .........................................................................................5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alexander v. Primerica Holdings, Inc.*,
  10 F.3d 155 (3d Cir. 1993) ................................................................................... 3

*In re Apple Inc. Smartphone Antitrust Litig.*,
  737 F. Supp. 3d 1361 (J.P.M.L. 2024) ............................................................. 2, 4

*In re Kensington Int'l Ltd.*,
  368 F.3d 289 (3d Cir. 2004) ................................................................................. 3

**Statutes**

15 U.S.C. § 2 ............................................................................................................ 1

28 U.S.C. § 455 ................................................................................................ *passim*

**Other Authorities**

Local Civil Rule 40.1(e) ........................................................................................... 5

## I.   INTRODUCTION

Plaintiff Reincubate, Ltd. respectfully submits this memorandum in support of its motion for recusal under 28 U.S.C. § 455(a) or § 455(b)(5)(iii) and for reassignment of this matter. Reincubate raises this issue now, at the earliest practicable moment in the case, having only recently learned of the operative facts. The Court has not yet had occasion to review the substance of the pleadings, hold a conference, or otherwise consider whether any conflicts question is presented.

Reincubate makes no allegation of partiality, bias, or any impropriety. Reincubate respectfully submits that, measured against the objective appearance standard of § 455(a), the best course is recusal and reassignment. Addressing the question now serves both parties' interests: it avoids the risk that the same question surfaces later in the case or on appeal, where it could occasion delay or the unwinding of work product.

## II.   BACKGROUND

Reincubate filed this action on January 27, 2026, alleging antitrust violations whereby Apple, Inc. has monopolized and attempted to monopolize the U.S. smartphone operating-systems market and related markets in violation of the Sherman Act, 15 U.S.C. § 2, and has infringed two of Reincubate's patents covering camera-and-video communication technology. The case was assigned to this Court as Civil Action No. 2:26-cv-00828 (CCC-AME). Apple has moved to transfer venue.

- 1 -

ECF No. 12. Reincubate's opposition to that motion was filed concurrently with this motion. The Court has held no substantive conferences and has had no occasion to consider this issue.

On June 7, 2024, the Judicial Panel on Multidistrict Litigation created *In re Apple Inc. Smartphone Antitrust Litigation*, MDL No. 3113, and transferred more than forty private antitrust actions alleging that Apple has monopolized the U.S. smartphone market and related markets through its control of app distribution, messaging, smartwatches, digital wallets, and other iPhone-adjacent products. The MDL is assigned to the Honorable Julien X. Neals, U.S.D.J. *See In re Apple Inc. Smartphone Antitrust Litig.*, No. 2:24-md-03113-JXN-LDW (D.N.J.).

James E. Cecchi of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., appears as lead counsel representing a variety of direct purchaser plaintiffs adverse to Apple. MDL No. 3113, ECF No. 2. It is a matter of public record that Mr. Cecchi is the spouse of the presiding judge in this matter.

The claims and markets at issue in MDL 3113 overlap substantively with those Reincubate asserts here. Both proceedings involve allegations that Apple has monopolized one or more iPhone-related markets through exclusionary conduct directed at competing applications, devices, and services. Rulings in this case on questions such as market definition, monopoly power, and the legality of Apple's conduct may bear on rulings in MDL 3113 where Mr. Cecchi appears for plaintiffs.

## III.   ARGUMENT

### A.   Under 28 U.S.C. § 455(a), Recusal Is Required Where, From an Objective Standpoint, a Judge's Impartiality Might Reasonably Be Questioned.

Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard is objective: the question is not whether the judge is in fact partial, but whether a reasonable, well-informed observer, knowing all the relevant facts, would harbor doubts as to the judge's impartiality. *See In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). The provision does not require, and a motion under it does not allege, actual bias or impropriety of any kind. *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 167 (3d Cir. 1993). The Third Circuit applies this objective standard from the perspective of the "objective, reasonable layperson" or the proverbial "man on the street" "who is not necessarily familiar with" the specialized subject matter of the litigation. *Kensington*, 368 F.3d at 301–03.

### B.   Considered Against the § 455(a) Standard, the Public-Record Overlap Between This Case and MDL 3113 Supports Recusal.

This action and MDL 3113 share the same defendant, overlap in the product markets and exclusionary conduct alleged, and raise common legal questions under Section 2 of the Sherman Act. Specifically, the MDL plaintiffs allege that Apple has monopolized the U.S. smartphone market and related iPhone-adjacent product

- 3 -

markets by suppressing technologies that would make non-Apple devices substitutable for the iPhone. *In re Apple Inc. Smartphone Antitrust Litig.,* 737 F. Supp. 3d 1361, 1363 (J.P.M.L. 2024). In this case, Reincubate alleges that Apple monopolized the U.S. smartphone operating system market and that Reincubate was harmed by the same pattern of exclusionary conduct directed at third-party applications capable of bridging Apple and non-Apple platforms. ECF No. 1, Complaint, ¶¶ 42–52. Mr. Cecchi has appeared in MDL 3113 as one of the lead counsel on behalf of direct-purchaser plaintiffs and has participated in the case-management posture from its inception. *See* MDL 3113, ECF No. 2. Measured against § 455(a)'s objective standard, a reasonable, well-informed observer could view the above as creating an appearance issue.

## C. Section 455(b)(5)(iii) Provides an Independent Ground for Recusal.

Section 455(b)(5)(iii) supplies a second, independent ground for recusal. It requires disqualification where the judge's spouse "is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(5)(iii).

Mr. Cecchi is a name partner of his firm and a member of plaintiffs' leadership in MDL 3113. In such actions, generally, counsel's compensation is determined by the recovery obtained. Rulings in this case on Apple's antitrust liability (e.g., market

definition, monopoly power, and the legality of the same smartphone-market conduct) could substantially affect the strength of the MDL plaintiffs' case.

**D.    Addressing the Question Now Serves the Interests of Both Parties and of the Court.**

Recusal questions are often raised after a court has invested significant time in a case, and in some instances they surface for the first time on appeal. Either outcome imposes real costs. Resolving the question at the threshold, before the Court has had occasion to engage with the merits, eliminates that risk for everyone.

## IV.    CONCLUSION

For the reasons stated, Reincubate respectfully requests that the Court enter the accompanying proposed Order of recusal, directing the Clerk to refer this matter to the Chief Judge for reassignment under Local Civil Rule 40.1(e).

Dated: May 22, 2026
Newark, New Jersey

Respectfully submitted,

**HECHT PARTNERS LLP**

By: */s/ David L. Hecht*
David L. Hecht
Maxim Price (pro hac vice forthcoming)
Peter Joon Park
Tanner Murphy (pro hac vice forthcoming)
125 Park Avenue, 25th Floor
New York, New York 10017

- 5 -

Telephone: (212) 851-6821
dhecht@hechtpartners.com
mprice@hechtpartners.com
ppark@hechtpartners.com
tmurphy@hechtpartners.com

*Attorneys for Plaintiff Reincubate, Ltd.*

- 6 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 22, 2026, I caused the preceding

document to be served on all counsel through the Court's ECF system.

*/s/ David L. Hecht*
David L. Hecht
